PER CURIAM.
We affirm the appealed revocation of probation and sentence, although the revocation order erroneously reflects that Mr. Lewis admitted to the violation. In fact, the record establishes that the trial court held an evidentiary hearing and found Mr. Lewis guilty of violating the terms of his probation by committing a new crime, as alleged in the amended affidavit with which the revocation proceedings began.
The written revocation order fails to specify which condition(s) of probation Mr. Lewis was found to have violated. Therefore, we remand for the trial court to enter a corrected revocation order reflecting that Mr. Lewis was tried and found guilty of violating probation and specifying the condition(s) of probation violated. See Enno v. State, 59 So.3d 149 (Fla. 1st DCA 2011) (remanding for entry of a corrected revocation order reflecting that the appellant was tried and found guilty of violating community control when the judgment and revocation order erroneously reflected that the appellant admitted the violations); Leggs v. State, 27 So.3d 155, 155 (Fla. 1st DCA 2010) (“In this Anders appeal, we affirm the appellant’s judgment and sentence, but remand for the trial court to enter a written order specifying the conditions of probation the appellant violated.”). *969 As entry of the corrected order is merely a ministerial act on this record, appellant need not be present. See Findley v. State, 63 So.3d 853 (Fla. 1st DCA 2011).
BENTON, C.J., CLARK, and MAKAR, JJ., concur.